The Honorable Barbara Horn State Senator P.O. Box 64 Foreman, AR 71836-0064
Dear Senator Horn:
I am writing in response to your request for an opinion regarding the securing of road building projects by the State Highway Department. You have asked, specifically, for an opinion "regarding the utilization of design build warranty" in securing such projects.
RESPONSE
The State of Arkansas is prohibited from using competitive bidding in the procurement of professional services. At the same time, all new state highway system construction contracts must be let to the lowest responsible bidder, and no contract exceeding $10,000.00 may be let without advertising for bids. Accordingly, if your reference to "design build warranty" contemplates a process by which the State Highway Commission would award a contract to a single party for both design and construction of the project, it is my opinion that such a process would likely be contrary to state law.
In addressing this question, I must initially note that some uncertainty surrounds your reference to "design build warranty" because this is not a recognized term under Arkansas statutes. Ordinarily, however, in the context of construction projects, a "design/build" contract may be described as a contract in which an "owner contracts with a single party for both the design and construction of the entire project" in contrast to the "traditional arrangement" in which the owner contracts separately with an architect and a contractor. Tex. Att'y. Gen. Op. JM-1189 (1990) at 2, citing Hal. G. Block, As the Walls Came Tumbling Down: Architects'Expanded Liability Under Design/Build/Construction Contracting, 17 J. Marshall L. Rev. 1 (1984).
This type of contract with respect to state road building projects in Arkansas is problematic in light of established competitive bidding requirements and the requirement that professional services contracts be negotiated rather than competitively bid. With regard, specifically, to the construction of Arkansas' highways, the State Highway Commission is vested with the power and duty to let all contracts for the construction of roads comprising the state highway system "upon such terms and upon such conditions as required by law." A.C.A. § 27-65-107(a)(2) (Repl. 1994). These terms and conditions include letting new construction contracts to the lowest responsible bidder, and advertising for bids in connection with all contracts exceeding $10,000.00. A.C.A. § 27-67-206(c) and (e) (Repl. 1994). Generally, therefore, the Commission must contract for construction services through a low-bid competitive process. The Commission is prohibited, however, from procuring professional services through competitive bidding. The Commission must, instead, "negotiate contracts for professional services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices. . . ." A.C.A. § 19-11-801(a) (Repl. 1998).
The difficulty posed by the "design/build" concept, where the resulting contract includes design (e.g., architectural or engineering) services, is thus readily apparent. If professional services are a component of the contract, a conflict arises when the Commission advertises the contract for bids, as it is required to do under A.C.A. § 27-67-206. Currently, the Commission contracts separately for design and construction. This is consistent with the requirements noted above. In my opinion, alternative contracting methods cannot include a waiver of these requirements.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General